

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2007

# Fox v. Herzog Heine Geduld

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1333

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Fox v. Herzog Heine Geduld" (2007). *2007 Decisions*. Paper 1295.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1295

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 06-1333

PATRICIA FOX;
MARIA CARDENO,

Appellants

v.

HERZOG HEINE GEDULD, INC.; EMANUEL E. GEDULD; IRWIN GEDULD;
JOHN E. HERZOG; STEPHEN J. NELSON; JOSEPH J. FRAZZITTA; KENNETH O.
BRADLEY; CHARLES CHRISTOFILIS; STATE STREET BANK & TRUST CO.;
MERRILL LYNCH & CO.; MLIS INC.; MERRILL LYNCH ESOP

Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 01-cv-01827)
District Judge: Hon. William J. Martini

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 8, 2007

Before: McKEE, AMBRO, and FISHER, Circuit Judges

(Filed:   April 16, 2007)

_____

OPINION
_____

McKEE, Circuit Judge.

    Patricia Fox and Maria Cardeno appeal the District Court's grant of summary

judgment in favor of Herzog, Heine, and Geduld, Inc.; Emanual E. Geduld, Irwin Geduld,

John E. Herzog, State Street Bank and Trust Company, and the Merrill Lynch Employees' Stock Ownership Plan. We agree that plaintiffs' claim is wholly without merit, and we will affirm for the reasons set forth below.

**I.**

Because we write primarily for the parties, we need not recite the underlying facts or procedural history of this case.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1132(f), and 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review the District Court's factual findings under a "clearly erroneous" standard. *See Kemmerer v. ICI Ams. Inc.*, 70 F.3d 281, 286 (3d Cir. 1995); *U&W Indus. Supply, Inc. v. Martin Marietta Alumina*, 34 F.3d 180, 185 (3d Cir. 1994).

The District Court denied relief based upon its finding that the transactions in question did not result in a "loss to the plan." Plaintiffs do not challenge that finding, and the record would not support any such challenge. It is uncontested that Merrill Lynch's acquisition of HHG benefitted HHG's shareholders by allowing HHG's shareholders to exchange illiquid shares of HHG stock for shares of Merrill Lynch for a very substantial gain.

The District Court also correctly held that plaintiffs could not state a claim for monetary damages for breach of fiduciary duty under ERISA, absent a "loss to the plan" as opposed to a loss suffered by individual beneficiaries or a subclass of beneficiaries.

2

*See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985); *Hein v. FDIC*, 88 F.3d 210, 222-23 (3d Cir. 1996); *Fox v. Herzog, Heine, Geduld, Inc.*, 2005 WL 3542464 (D.N.J. 2005). Plaintiffs mistakenly rely on *In re Schering-Plough Corp. ERISA Litigation,* 420 F.3d 230 (3d Cir. 2005), for the proposition that a loss to a subset of plan participants is actionable when it results from a breach of fiduciary duty. *See* Appellant's Br. at 11-12. However, we there held that the record demonstrated "a 'loss' to the Plan within the meaning of [29 U.S.C.] § 1109." 420 F.3d at 235.

Plaintiffs simply can not establish that a loss occurred as the result of the merger of the HHG Employees' Stock Ownership Plan and the Merrill Lynch Employees' Stock Ownership Plan. We have previously explained that ERISA does not confer any substantive rights. Rather, it ensures that employees receive benefits that they are entitled to. *Bennett v. Conrail Matched Savs. Plan Admin. Comm.*, 168 F.3d 671, 677 (3d Cir. 1999). Plaintiff primarily respond to *Bennett* by stating that our decision there "should be overruled . . ." Appellant' Br. at 11. However, "[i]t is the tradition of this court that the holding of a panel in a reported opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a published opinion of a previous panel. Court en banc consideration is required to do so." Third Circuit I.O.P. 9.1; *see also Reich v. D.M. Sabia Co*, 90 F.3d 854 (3d Cir. 1996). We realize that plaintiffs argue in the alternative that the District Court should have distinguished *Bennett.* However, we agree that our discussion in *Bennett* is relevant to this analysis. In *Bennett*, we stated that "ERISA does not confer substantive rights on employees; rather it ensures that they will

3

receive those benefits that the employers have guaranteed to them." 168 F.3d at 677. The challenged transaction here did nothing to jeopardize employees' benefits.

Accordingly, the District Court correctly concluded that plaintiffs could not establish the loss that is the condition precedent to their ERISA claim.

## II.

The District Court also correctly concluded that plaintiffs were not entitled to equitable relief under ERISA § 502(a)(3).

In order to award equitable relief under § 502(a)(3), "money or property identified as belonging in good conscience to the plaintiff [must] clearly be traced to particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. v. Knudson*, 534 U.S. 183, 212 (2002). As the District Court explained, " since Plaintiffs have no claim to the unallocated shares, they cannot show that Defendants are in possession of something that rightfully belongs to them." A6.

## III.

Thus, for the reasons stated above, we will affirm the District Court's grant of summary judgment to Defendants and against Plaintiffs.

4